### STATE, ex rel HANCOCK v. KIRK, Sheriff.

#### No. 16858.

Circuit Court, Palm Beach County.

August 28, 1957.

Russell H. McIntosh, West Palm Beach, for petitioner.

JOSEPH S. WHITE, Circuit Judge.

This cause was heard on the return to the writ of habeas corpus from which it appears that the sheriff of Palm Beach County is holding the petitioner under an extradition warrant issued by the Governor of Florida dated July 22, 1957, requiring the sheriff to

deliver the petitioner to the proper authorities of the state of Georgia, there to answer a charge pending in the Berrien Superior Court of that state for non-support of three minor children.

Pursuant to the provisions of chapter 88, Florida Statutes, the Uniform Reciprocal Enforcement of Support Law, petitioner has filed herein a petition submitting himself to the jurisdiction of this court and offering to comply with the orders of the Berrien Superior Court regarding the support of said children. It further appears that the Berrien Superior Court has entered an order requiring the petitioner to pay to his former wife, Mrs. Flora Belle Hancock, the sum of $18 per week for the support of said children.

Under authority of the case of Jackson v. Hall, decided by the Supreme Court of Florida on July 24, 1957, petitioner is entitled to release.

Thereupon, it is ordered and adjudged that commencing August 30, 1957, and on Friday of each and every week thereafter, until further order of the court, the petitioner, James Holloway Hancock, shall pay to the clerk of the circuit court at the county courthouse, West Palm Beach, the sum of $18 for the support of said children, plus 18c clerk's fee, total $18.18. The clerk of the circuit court shall immediately transmit the said sum of $18 to the clerk of the Berrien Superior court, Nashville, Georgia, for the benefit of petitioner's former wife, Mrs. Flora Belle Hancock.

The clerk of the circuit court of Palm Beach County shall transmit a true copy of this order to the clerk of the Superior Court, Nashville, Georgia.

The petitioner shall be discharged from custody under the extradition warrant.